MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

| | |
|---|---|
| MARIO CARRERA and JOSE LUIS CALPENO GUEVARA , *individually and on behalf of others similarly situated,* | **COMPLAINT** |
| *Plaintiffs*, | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION** |
| -against- | |
| OLIO RESTAURANTS LLC (d/b/a OLIO E PIU), WHYNOT MY WAY LLC.(d/b/a DOMINIQUE BISTRO), EMIL STEFKOV and DOMINICK PEPE, | **ECF Case** |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiffs Mario Carrera and Jose Luis Calpeno Guevara, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Olio Restaurants LLC. (d/b/a Olio e Piu) and Why Not My Way LLC (d/b/a Dominique Bistro) ("Defendant Corporations") and Individual Defendants Emil Stefkov, and Dominick Pepe allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of defendants Olio Restaurants LLC (d/b/a Olio e Piu), Why Not My Way LLC (d/b/a Dominique Bistro), Emil Stefkov and Dominick Pepe (collectively, "Defendants").

2.      Defendants own, operate, or control an Italian restaurant located at 3 Greenwich Avenue, New York, NY 10014 under the name "Olio e Piu" and a French restaurant and wine bar located at 14 Christopher Street, New York, NY 10014 under the name "Dominique Bistro".

3.      Upon information and belief, individual defendants Emil Stefkov and Dominick Pepe serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the Italian restaurant and the French restaurant and wine bar as joint or unified enterprises.

4.      Plaintiffs were ostensibly employed by Defendants as delivery workers.

5.      However, they were required to spend a considerable part of their work day performing non-tipped duties including but not limited to, various restaurant duties such as making pizza boxes, carrying containers to and from the upper floor to the cooks, delivering food and containers between the two locations, preparing containers for peppers and parmesan cheese, covering the food for the cooks, cutting calamari, cheese and vegetables (hereinafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants without appropriate minimum wages for the hours that they worked each week.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked at the straight rate of pay.

8.      Defendants employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality their duties required a significant amount of time spent in non-tipped, non-delivery duties.

9.      Regardless, at all times Defendants paid these plaintiffs at a rate that was lower than the required tip-credit rate.

- 2 -

10.     Under state law, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (12 N.Y.C.R.R. §146-2.9).

11.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records to avoid paying Plaintiffs at the minimum wage rate and to enable them to pay Plaintiffs at the lower tip-credited rate (which they still failed to do), by designating them as delivery workers instead of non-tipped employees.

12.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

13.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

14.     Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district,

Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant and a French restaurant and wine bar located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

17.     Plaintiff Mario Carrera ("Plaintiff Carrera" or "Mr. Carrera") is an adult individual residing in Queens County, New York. Plaintiff Carrera was employed by Defendants at both Olio e Piu and Dominique Bistro from approximately April 2015 until on or about March 16, 2017.

18.     Plaintiff Jose Luis Calpeno Guevara ("Plaintiff Calpeno" or "Mr. Calpeno") is an adult individual residing in Kings County, New York. Plaintiff Calpeno was employed by Defendants at both Olio e Piu and Dominique bistro from approximately March 2016 until on or about March 20, 2017.

*Defendants*

19.     At all relevant times, Defendants owned, operated, or controlled an Italian restaurant located at 3 Greenwich Avenue, New York, NY 10014 under the name "Olio e Piu" and a French restaurant and wine bar located at 14 Christopher Street, New York, NY 10014 under the name "Dominique Bistro".

20.     Upon information and belief, Olio Restaurants LLC (d/b/a Olio e Piu) is a domestic corporation organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its principal place of business at 3 Greenwich Avenue, New York, NY 10014.

- 4 -

21.     Upon information and belief, Why Not My Way LLC (d/b/a Dominique Bistro) is a domestic corporation organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its principal place of business at 14 Christopher Street, New York, NY 10014.

22.      Defendant Emil Stefkov is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

23.     Defendant Emil Stefkov is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations.

24.     Defendant Emil Stefkov possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Dominick Pepe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

26.      Defendant Dominick Pepe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations.

27.     Defendant Dominick Pepe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

- 5 -

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.     Defendants operate an Italian restaurant and a French restaurant located in the Tribeca and West Village sections of Manhattan in New York City.

29.     The individual defendants, Emil Stefkov and Dominick Pepe possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

30.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.     Each Defendant possesses substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

32.     Defendants jointly employ Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

34.     Upon information and belief, individual defendants Emil Stefkov and Dominick Pepe operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as corporations,

b.  defectively forming or maintaining the corporate entity of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c.  transferring assets and debts freely as between all Defendants,

d.  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e.  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f.  intermingling assets and debts of their own with Defendant Corporations,

g.  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h.  Other actions evincing a failure to adhere to the corporate form.

35.   At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

36.   In each year from 2015 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

38.     Plaintiffs are former employees of Defendants who were ostensibly employed as delivery workers.  However, they spend over 20 percent of their work hours performing the non-tipped/non-delivery duties described above.

39.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Mario Carrera*

40.     Plaintiff Carrera was employed by Defendants at both Olio e Piu and Dominique Bistro from approximately April 2015 until on or about March 16, 2017.

41.     Defendants ostensibly employed Plaintiff Carrera as a delivery worker.

42.     However, Plaintiff Carrera also was required to spend a significant portion of his work day performing the non-tip duties described above.

43.     Although Plaintiff Carrera ostensibly was employed as a delivery worker, he spent over twenty percent of each work day performing the non-tip work described above.

44.     Plaintiff Carrera regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

45.     Plaintiff Carrera's work duties required neither discretion nor independent judgment.

46.     From approximately April 2015 until on or about February 2017, Plaintiff Carrera worked at both Olio e Piu and Dominique Bistro from approximately 5:00 p.m. until on or about 11:15 p.m. Sundays through Thursdays (typically 31.25 hours per week).

47.     From approximately February 2017 until on or about March 16, 2017, Plaintiff Carrera worked at Olio e Piu from approximately 5:00 p.m. until on or about 11:15 p.m. Sundays through Thursdays (typically 31.25 hours per week).

48.     From approximately April 2015 until on or about February 2017, defendants paid Plaintiff Carrera $35 in cash per day.

49.     From approximately February 2017 until on or about March 16, 2017, defendants paid Plaintiff Carrera $45 by check per day. (7.5 Per hour), but only paid him for 30 hours.

50.     Plaintiff Carrera's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51.     In fact, Defendants regularly required Plaintiff Carrera to work an additional 15 minutes after his departure time and did not pay him for the additional time he worked.

52.     Defendants never granted Plaintiff Carrera any break or meal periods of any length.

53.     Plaintiff Carrera never was notified by Defendants that his tips were being included as an offset for wages.

54.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Carrera's wages.

55.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Carrera regarding overtime and wages under the FLSA and NYLL.

56.     Plaintiff Carrera was not required to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

57.     Furthermore, Defendants did not provide Plaintiff Carrera with a statement of wages with each payment of wages, as required by NYLL 195(3).

58.     Instead, in order to release his weekly pay, defendants required Plaintiff Carrera to sign a document the contents of which he was not allowed to review.

59.     Defendants never gave any notice to Plaintiff Carrera, in English and in Spanish (Plaintiff Carrera's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.     Defendants required Plaintiff Carrera to purchase "tools of the trade" with his own funds—including a bicycle, a lock and chain, lights and a helmet.

*Plaintiff Jose Luis Calpeno Guevara*

61.     Plaintiff Calpeno was employed by Defendants from approximately March 2016 until on or about March 20, 2017.

62.     Defendants ostensibly employed Plaintiff Calpeno as a delivery worker.

63.     However, Plaintiff Calpeno also was required to spend a significant portion of his work day performing the non-tip duties described above.

64.     Although Plaintiff Calpeno ostensibly was employed as a delivery worker, he spent over twenty percent of each work day performing the non-tip work described above.

65.     Plaintiff Calpeno regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

66.     Plaintiff Calpeno's work duties required neither discretion nor independent judgment.

67.     From approximately March 2016 until on or about February 2017, Plaintiff Calpeno worked at both Olio e Piu and Dominique bistro from approximately 5:00 p.m. until on or about 12:20 a.m., Fridays, Saturdays and Sundays (typically 22 hours per week).

68.     From approximately March 2017 until on or about March 20, 2017, Plaintiff Calpeno worked at Olio e Piu from approximately 5:00 p.m. until on or about 12:00 a.m., Fridays, Saturdays and Sundays (typically 22 hours per week).

69.     From approximately March 2016 until on or about February 2017, defendants paid Plaintiff Calpeno $35 in cash per day.

70.     From approximately March 2017 until on or about March 20, 2017, defendants paid Plaintiff Calpeno $45 by check per day.

71.     Plaintiff Calpeno's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

72.     In fact, Defendants required Plaintiff Calpeno to work an additional 20 minutes after his scheduled departure time every day, and did not compensate him for the additional time he worked.

73.     Defendants never granted Plaintiff Calpeno any break or meal periods of any length.

74.     Defendants never notified Plaintiff Calpeno that his tips were being included as an offset for wages.

75.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Calpeno's wages.

76.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Calpeno regarding overtime and wages under the FLSA and NYLL.

77.     Plaintiff Calpeno was not required to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

78.     Furthermore, Defendants did not provide Plaintiff Calpeno with a statement of wages with each payment of wages, as required by NYLL 195(3).

79.     Instead, in order to release his weekly pay, defendants required Plaintiff Calpeno to sign a document the contents of which he was not allowed to review.

80.     Defendants never gave any notice to Plaintiff Calpeno, in English and in Spanish (Plaintiff Calpeno's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

81.     Defendants required Plaintiff Calpeno to purchase "tools of the trade" with his own funds—including a bicycle, a lock and chain, a vest, lights and a helmet.

*Defendants' General Employment Practices*

82.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work without paying them appropriate minimum wage as required by federal and state laws.

83.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

84.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

85.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

86.     Defendants required Plaintiffs to perform general non-tipped restaurant tasks in addition to their primary duties as delivery workers.

87.     Plaintiffs were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

88.     These Plaintiffs were not even paid at a lowered tip-credited rate by Defendants.

89.     However, under state law, Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (12 N.Y. C.R.R. § 146).

90.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he is assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§146). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

91.     Plaintiffs' duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped duties described above.

92.     In violation of federal and state law, as discussed above, Defendants classified Plaintiffs as tipped employees but did not even pay them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

93.     Defendants failed to inform Plaintiffs that their tips would be credited towards the payment of the minimum wage.

94.      At no time did Defendants informed Plaintiffs that they reduced their hourly wage by a tip allowance.

95.     Defendants failed to maintain a record of tips earned by Plaintiffs for the deliveries they made to customers.

96.     Prior to March 2017, Plaintiffs were paid their wages entirely in cash.

97.      Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

98.      Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

99.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

100.    Defendants' unlawful conduct was intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

101.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

102.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

103.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

104.    Plaintiffs bring their FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA class Period").

105.   At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records required by the FLSA.

106.   The claims of Plaintiffs stated herein are similar to those of the other employees.

### FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

107.   Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

108.   Plaintiffs bring their New York Labor Law minimum wage and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

109.   The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

110.   There are questions of law and fact common to the Class including:

   a.   What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

   b.   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c. What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d. Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e. Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

f. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

g. What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

111. The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of minimum wage, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

112. The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

113. The common questions of law and fact predominate over questions affecting only individual members.

114.     A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

115.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## **FIRST CAUSE OF ACTION**
### **(VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)**

116.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

117.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

118.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

119.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

120.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 class members), at the applicable minimum hourly rate.

121.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

122.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

123.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 class members) controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

125.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA and Rule 23 class members) less than the minimum wage.

126.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

127.    Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW)

128.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

129.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

130.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

131.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

132.     With each payment of wages, Defendants failed to provide Plaintiffs (and the FLSA and Rule 23 class members) with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

133.     Defendants are liable to each Plaintiff in the amount of $5,000, together with

costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

134.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

135.    Defendants required Plaintiffs (and the FLSA and Rule 23 class members) to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles and helmets, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

136.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' FLSA and Rule 23

class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 class members;

(e)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum WAGES  and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiffs and FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs (and the FLSA and Rule 23 class members);

(h)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' (and the FLSA and Rule 23 class members) compensation, hours, wages and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs;

(j)     Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid minimum wages, and for any improper deductions or credits taken against wages, under the NYLL, as applicable;

(k)     Awarding Plaintiffs and the FLSA and Rule 23 class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL

§§198(1-b), 198(1-d);

      (l)     Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wages shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

      (m)    Awarding Plaintiffs and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

      (n)     Awarding Plaintiffs and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorneys' fees;

      (o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

      (p)     All such other and further relief as the Court deems just and proper

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        July 27, 2017

                          MICHAEL FAILLACE & ASSOCIATES, P.C.

                By:       /s/ Michael Faillace
                        Michael Faillace [MF-8436]
                        MICHAEL FAILLACE & ASSOCIATES, P.C.
                        60 East 42nd Street, suite 4510
                        New York, New York 10165
                        Telephone: (212) 317-1200
                        Facsimile: (212) 317-1620