# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                          Facsimile: (212) 317-1620
_____

February 8, 2018

**VIA ECF**

Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

                              **Re:**   *Carrera, et al. v. Olio Restaurant LLC, et al*
                                        Case No. 17-cv-5714-PGG

Your Honor:

     This office represents Plaintiffs Mario Carrera and Jose Luis Calpeno Guevara ("Plaintiffs") in the above-referenced matter. We submit this letter, together with Defendants, to respectfully request that the Court approve the settlement reached between Plaintiffs and Defendants Olio Restaurants LLC (d/b/a Olio E Piu), Whynot My Way LLC (d/b/a Dominique Bistro), Emil Stefkov and Dominick Pepe ("Defendants" and together with Plaintiffs, the "Parties").

     The Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive settlement discussions. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

     The Parties represent to the Court that while the Plaintiffs believe that the settlement amount is less than what they would be entitled to if they prevailed at trial, that the settlement is fair, as discussed herein.

**Background**

     Plaintiffs were employed by Defendants to work at a French restaurant and wine bar located at 14 Christopher Street, New York, NY 10014 under the name "Olio e Piu."

     Plaintiff Mario Carrera ("Plaintiff Carrera") was ostensibly employed by Defendants as a delivery worker from approximately April 2015 until on or about March 16, 2017. Plaintiff Carrera alleges that from approximately April 2015 until on or about March 16, 2017, Plaintiff Carrera worked approximately 31.25 hours per week. Plaintiff Carrera alleges that from approximately April 2015 until on or about February 2017, Defendants paid Plaintiff Carrera a fixed salary of $35 per day in cash. Plaintiff Carrera alleges that from approximately February 2017 until on or about March 16, 2017, Defendants paid Plaintiff Carrera $45 per day.

Plaintiff Jose Luis Calpeno Guevara ("Plaintiff Calpeno") was ostensibly employed by Defendants as a delivery worker from approximately March 2016 until on or about March 20, 2017. Plaintiff Calpeno alleges that from approximately March 2016 until on or about March 20, 2017, Plaintiff Calpeno worked approximately 22 hours per week. Plaintiff Calpeno alleges that from approximately March 2016 until on or about February 2017, Defendants paid Plaintiff Calpeno $35 per day in cash. Plaintiff Calpeno alleges that from approximately March 2017 until on or about March 20, 2017, Defendants paid Plaintiff Carrera $45 per day by check.

Plaintiffs therefore brought this action seeking to recover unpaid overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants deny Plaintiffs' allegations in their entirety and allege that Plaintiffs were properly paid. After weighing the risks of trial and costs of further litigation, the Parties have reached an agreement at an early stage.

## Settlement

The Parties have agreed to resolve this action for the total sum of $25,000.00 which will be paid as outlined in **Exhibit A**. The Plaintiff estimated that, in a best case scenario, she would be entitled to approximately $15,961.31 in minimum and overtime base damages ($10,545,31 for Plaintiff Carrera and $5,416 for Plaintiff Calpeno). However, if Defendants were to succeed in defending this action, they estimate that the Plaintiffs would not be entitled to anything at all.

Sixteen thousand Six-Hundred and Sixty-Six Dollars and Sixty-Seven cents ($16,666.67) of the settlement amount will be paid to the Plaintiffs ($10,166.67 to Plaintiff Carrera and $6,500.00 to Plaintiff Calpeno). The remaining Eight Thousand Three-Hundred Thirty-Three Dollars and Thirty-Three cents ($8,333.33) will be applied as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (quoting Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (quoting Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (quoting Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

Hon. Paul G. Gardephe
February 8, 2018
Page 3 of 4

The agreement here is fair to the Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and has made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of lengthy litigation and trial. The Twenty-Five Thousand dollars ($25,000.00) that they will be receiving accounts for any alleged unpaid minimum and overtime wages that they could have potentially recovered at trial, as well as attorneys' fees. This recovery is also well over what the Plaintiffs would recover if Defendants were to successfully defend this case.

### The Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $8,333.33 from the settlement fund as attorneys' fees and costs. This represents one-third of the Settlement amount, a reduction in fees from what is identified in the Plaintiffs' retainer agreement, which provides that forty percent of the Plaintiffs' recovery will be retained by the firm.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given the Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, the Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit B**, are the Plaintiffs' attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Sara Isaacson is an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked

as a law clerk at the employment firm of Virginia & Ambinder, LLP.  After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation.  Since joining Michael Faillace & Associates, P.C. in May 2017, she has been responsible for all aspects of the firm's employment docket in federal court.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and the Plaintiff has agreed to these fees and costs by agreeing to the settlement amount.  As a result, the fees should be approved.

## Conclusion

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of their clients.  Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.  A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael Faillace
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiffs*

cc:    Defendants (via Electronic Mail)