UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIO CARRERA and JOSE LUIS CALPENO GUEVARA, *individually and on behalf of others similarly situated*,

        *Plaintiffs*,

-against-

OLIO RESTAURANTS LLC (d/b/a OLIO E PIU), WHYNOT MY WAY LLC (d/b/a DOMINIQUE BISTRO), EMIL STEFKOV and DOMINICK PEPE,

        *Defendants*.

17-cv-5714

**SETTLEMENT AGREEMENT
AND
RELEASE**

---

    This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiffs Mario Carrera and Jose Luis Calpeno Guevara ("Plaintiffs") on the one hand, and Olio Restaurants LLC (d/b/a Olio E Piu) and Whynot My Way LLC (d/b/a Dominique Bistro") (the "Defendant Corporations"), Emil Stefkov and Dominick Pepe (the "Individual Defendants") (collectively the Defendant Corporations and the Individual Defendants are the "Defendants"), on the other hand.

    WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

    WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-cv-5714 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and

1



conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Twenty-Five Thousand Dollars and Zero cents ($25,000) (the "Settlement Amount") to be paid to Plaintiffs' attorneys as follows:

    i.    A check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs," for immediate deposit upon court approval of the Agreement, delivered to Plaintiffs' counsel no later than ten (10) days following execution of the Agreement (the "Initial Payment"). Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

    ii.    A check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs," for immediate deposit thirty days after the Initial Payment, delivered to Plaintiffs' counsel no later than ten (10) days following execution of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

    iii.    A check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs," for deposit sixty (60) days after the Initial Payment, delivered to Plaintiffs' counsel no later than ten (10) days following execution of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

    iv.    A check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs," for deposit ninety (90) days after the Initial Payment, delivered to Plaintiffs' counsel no later than ten (10) days following execution of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

    v.    A check in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs," for deposit one-hundred and twenty (120) days after the Initial Payment, delivered to Plaintiffs' counsel no later than ten (10) days following execution of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

The payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at 60 East 42nd Street, Suite 2540, New York, NY 10165.

    3.    (a)    In the event that the Settlement Amount is not paid by the payment date set forth above, or any check fails to clear (i.e., bounces) on its respective payment date,

2



Plaintiffs' counsel shall serve a written notice ("Default Notice") upon counsel for Defendants, by email and certified mail, and the Defendants shall have ten (10) business days from the date of delivery of the Default Notice to cure the default by making such payment together with an additional amount of $100.00 to reimburse Plaintiffs' counsel for the time and costs of each such bounced check. Upon Defendants' failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiffs may immediately file the Affidavits of Confession of Judgment annexed hereto as Exhibit A.

(b) Plaintiffs shall be solely responsible for any taxes resulting from the payments received under this Settlement Agreement.

4. Release and Covenant Not To Sue: Plaintiffs hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation, that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs relating to any other claims in the Litigation that have occurred as of the Effective Date of this Agreement.

5. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7. Acknowledgment: Plaintiffs acknowledge that they have been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:



To Plaintiff:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 2540
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Emil Stefkov
14 Christopher Street
New York, NY 10014
Tel: (917) 767-3970
Email: emil.stefkov@gmail.com

9. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties



counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

      13. <u>Confidentiality</u>.

Plaintiffs, the Defendants agree that the existence and the terms and conditions of this Agreement shall remain confidential insofar as permitted by law. Nothing herein shall be construed to prevent Plaintiffs from discussing the existence or terms and conditions of this Agreement with: (i) Plaintiffs' family members, who shall be instructed that the existence and the terms and conditions of this Agreement are confidential; (ii) Plaintiffs' financial and legal advisors, as necessary to seek professional services and/or advice; or (iii) any persons as required by compulsory legal process. The Parties agree to not actively discuss the existence or terms and conditions of this Agreement with third parties. Additionally, the Parties agree not to actively publish information about the existence or terms and conditions of this Agreement. This prohibition shall include, but shall not be limited to, verbal communications, e-mail or text message communications, writing a letter to the editor of any publication, posting of any comments or communication on any website, weblog, or "blog" on-line Internet forum, or in any chat room including but not limited to any social media outlets such as Facebook, Twitter, SnapChat, Instagram, Google+, etc. The Parties agree that if contacted by any third party, including any member of the press or media or the general public, the only statement which will be made is, "No Comment" or "The matter has been resolved." Notwithstanding the above, the Parties acknowledge that, to the extent required to achieve dismissal of the Lawsuit, the Parties may disclose the existence and terms of the Agreement to the Court, and via public filing on the Court's ECF system, as may be required by the Court to terminate the lawsuit.

<u>Plaintiffs:</u>

By: _____
    MARIO CARRERA

By: _____
    JOSE LUIS CALPENO GUEVARA

<u>Defendants:</u>

OLIO RESTAURANTS LLC

By: _____

5

hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

    13. <u>Confidentiality</u>.

Plaintiffs, the Defendants agree that the existence and the terms and conditions of this Agreement shall remain confidential insofar as permitted by law. Nothing herein shall be construed to prevent Plaintiffs from discussing the existence or terms and conditions of this Agreement with: (i) Plaintiffs' family members, who shall be instructed that the existence and the terms and conditions of this Agreement are confidential; (ii) Plaintiffs' financial and legal advisors, as necessary to seek professional services and/or advice; or (iii) any persons as required by compulsory legal process. The Parties agree to not actively discuss the existence or terms and conditions of this Agreement with third parties. Additionally, the Parties agree not to actively publish information about the existence or terms and conditions of this Agreement. This prohibition shall include, but shall not be limited to, verbal communications, e-mail or text message communications, writing a letter to the editor of any publication, posting of any comments or communication on any website, weblog, or "blog" on-line Internet forum, or in any chat room including but not limited to any social media outlets such as Facebook, Twitter, SnapChat, Instagram, Google+, etc. The Parties agree that if contacted by any third party, including any member of the press or media or the general public, the only statement which will be made is, "No Comment" or "The matter has been resolved." Notwithstanding the above, the Parties acknowledge that, to the extent required to achieve dismissal of the Lawsuit, the Parties may disclose the existence and terms of the Agreement to the Court, and via public filing on the Court's ECF system, as may be required by the Court to terminate the lawsuit.

Plaintiffs:

By: _____
    MARIO CARRERA

By: _____
    JOSE LUIS CALPENO GUEVARA

Defendants:

OLIO RESTAURANTS LLC

By: _____

5

Print Name _____

Title _____

WHYNOT MY WAY LLC

By: _____

Print Name _____

Title _____

_____
EMIL STEFKOV

_____
DOMINICK PEPE

SUPREME COURT OF THE STATE OF NEW YORK

6

NEW YORK COUNTY
-----------------------------------------------------------------X
MARIO CARRERA and JOSE LUIS CALPENO
GUEVARA, *individually and on behalf of others
similarly situated,*

                      *Plaintiffs,*                          <u>AFFIDAVIT OF</u>
                                                                             <u>CONFESSION</u>
          -against-                                                        <u>OF JUDGMENT</u>

OLIO RESTAURANTS LLC (d/b/a OLIO E PIU),
WHYNOT MY WAY LLC (d/b/a DOMINIQUE
BISTRO), EMIL STEFKOV and DOMINICK PEPE,

                      *Defendants.*

-----------------------------------------------------------------X

STATE OF NEW YORK    )
                                ) ss.
COUNTY OF _____ )

       Emil Stefkov, being duly sworn, deposes and says:

      1.      I reside in _____, New York

      2.      This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Olio Restaurants LLC (d/b/a Olio E Piu), Whynot My Way LLC (d/b/a Dominique Bistro), Emil Stefkov and Dominick Pepe are to submit a total sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) to Plaintiffs.

      3.      Pursuant to the terms of the Settlement Agreement and Release by and between Mario Carrera and Jose Luis Calpeno Guevara ("Plaintiffs") and Olio Restaurants LLC (d/b/a Olio E Piu), Whynot My Way LLC (d/b/a Dominique Bistro), Emil Stefkov and Dominick Pepe (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me



individually and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

4.  This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5.  I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $25,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), times 150% against me, Emil Stefkov.

```
                                              _____
                                              EMIL STEFKOV
```

30th day of January of 2018
_____ 10/10/2021
Notary Public

> CHARLES A SACCO
> Notary Public – State of New York
> NO. 01SA6365320
> Qualified in New York County
> My Commission Expires Oct 10, 2021

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

```
-----------------------------------------------------------X
MARIO CARRERA and JOSE LUIS CALPENO
GUEVARA, individually and on behalf of others
similarly situated,

                        Plaintiffs,                    AFFIDAVIT OF
                                                       CONFESSION
          -against-                                    OF JUDGMENT

OLIO RESTAURANTS LLC (d/b/a OLIO E PIU),
WHYNOT MY WAY LLC (d/b/a DOMINIQUE
BISTRO), EMIL STEFKOV and DOMINICK PEPE,

                        Defendants.
-----------------------------------------------------------X
```

STATE OF NEW YORK    )
                     ) ss.
COUNTY OF _____  )

Dominick Pepe, being duly sworn, deposes and says:

6.     I reside in _____, New York

7.     This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Olio Restaurants LLC (d/b/a Olio E Piu), Whynot My Way LLC (d/b/a Dominique Bistro), Emil Stefkov and Dominick Pepe are to submit a total sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) to Plaintiffs.

8.     Pursuant to the terms of the Settlement Agreement and Release by and between Mario Carrera and Jose Luis Calpeno Guevara ("Plaintiffs") and Olio Restaurants LLC (d/b/a Olio E Piu), Whynot My Way LLC (d/b/a Dominique Bistro), Emil Stefkov and Dominick Pepe (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me



9

individually and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

9. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

10. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $25,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), times 150% against me, Dominick Pepe.

_____
DOMINICK PEPE

29 day of __1__ of 2018

_____
Notary Public

Nathaniel T. Harris
Notary Public State of New York
NO. 01HA6272771
Qualified in New York County
Commission Expires on November 26, 2020

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

10

```
-----------------------------------------------------------X
MARIO CARRERA and JOSE LUIS CALPENO
GUEVARA, individually and on behalf of others
similarly situated,
```

         *Plaintiffs*,        AFFIDAVIT OF
                           CONFESSION
  -against-                  OF JUDGMENT

OLIO RESTAURANTS LLC (d/b/a OLIO E PIU),
WHYNOT MY WAY LLC (d/b/a DOMINIQUE
BISTRO), EMIL STEFKOV and DOMINICK PEPE,

         *Defendants.*

```
-----------------------------------------------------------X
```

STATE OF NEW YORK )
           ) ss.
COUNTY OF _____ )

  Emil Stefkov, being duly sworn, deposes and says:

  1.  I reside in _____, New York

  2.  I am the owner of Olio Restaurants LLC (d/b/a Olio E Piu). I am duly authorized to make this affidavit of confession of judgment on behalf of Olio Restaurants LLC.

  3.  Olio Restaurants LLC maintains its principal place of business at 3 Greenwich Avenue, New York, New York 10014

  4.  This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Olio Restaurants LLC (d/b/a Olio E Piu), Whynot My Way LLC (d/b/a Dominique Bistro), Emil Stefkov and Dominick Pepe are to submit a total sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) to Plaintiffs.



11

5.  Pursuant to the terms of the Settlement Agreement and Release by and between Mario Carrera and Jose Luis Calpeno Guevara ("Plaintiffs") and Olio Restaurants LLC (d/b/a Olio E Piu), Whynot My Way LLC (d/b/a Dominique Bistro), Emil Stefkov and Dominick Pepe (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against Olio Restaurants LLC and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

6.  This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

7.  I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $25,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), time 150% against Olio Restaurants LLC

OLIO RESTAURANTS LLC

By: EMIL STEFKOV

30th day of January of 2018

_____ 10/10/2021
Notary Public

CHARLES A SACCO
Notary Public – State of New York
NO. 01SA6365320
Qualified in New York County
My Commission Expires Oct 10, 2021

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------------X

MARIO CARRERA and JOSE LUIS CALPENO
GUEVARA, *individually and on behalf of others
similarly situated*,

        *Plaintiffs*,        AFFIDAVIT OF
                      CONFESSION
  -against-              OF JUDGMENT

OLIO RESTAURANTS LLC (d/b/a OLIO E PIU),
WHYNOT MY WAY LLC (d/b/a DOMINIQUE
BISTRO), EMIL STEFKOV and DOMINICK PEPE,

        *Defendants*.

-----------------------------------------------------------------X

STATE OF NEW YORK  )
           ) ss.
COUNTY OF _____ )

    Emil Stefkov, being duly sworn, deposes and says:

  8.  I reside in _____, New York

  9.  I am the owner of Whynot My Way LLC (d/b/a Dominique Bistro). I am duly authorized to make this affidavit of confession of judgment on behalf of Whynot My Way LLC.

  10.  Whynot My Way LLC maintains its principal place of business at 14 Christopher Street, New York, New York 10014

  11.  This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Olio Restaurants LLC (d/b/a Olio E Piu), Whynot My Way LLC (d/b/a Dominique Bistro), Emil Stefkov and Dominick Pepe are to submit a total sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) to Plaintiffs.



13

12. Pursuant to the terms of the Settlement Agreement and Release by and between Mario Carrera and Jose Luis Calpeno Guevara ("Plaintiffs") and Olio Restaurants LLC (d/b/a Olio E Piu), Whynot My Way LLC (d/b/a Dominique Bistro), Emil Stefkov and Dominick Pepe (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against Whynot My Way LLC and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

13. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

14. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $25,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), time 150% against Whynot My Way LLC

WHYNOT MY WAY LLC

By: EMIL STEFKOV

30th day of January of 2018

[Notary signature] 10/10/2021
Notary Public

CHARLES A SACCO
Notary Public – State of New York
NO. 01SA6365320
Qualified in New York County
My Commission Expires Oct 10, 2021